## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN RE: ASBESTOS LITIGATION

CONSTANCE L. AVENI, individually )
and as Executor of the Estate of )
VINCENZO J. Aveni, deceased, )
                        )
     Plaintiff, )
                        )     C.A. No. N14C-06-037 ASB
     v. )
                        )
FORD MOTOR COMPANY, et al., )
                        )
     Defendants. )
                        )

Decided: November 8, 2017

## ORDER

*Upon Defendant Ford Motor Company's*
*Motion for Summary Judgment*. **GRANTED.**

Plaintiff, Constance L. Aveni, individually and as Personal Representative of the Estate of Vincenzo J. Aveni, deceased, ("Plaintiff") cannot satisfy the summary judgment criteria on the issues of product identification.[1] Plaintiff alleges that Vincenzo Aveni ("Mr. Aveni") developed lung cancer from using Defendant Ford Motor Company's ("Ford") products. Plaintiff offered Mr. Aveni's son, Joseph

---

[1] Super. Ct. Civ. R. 56; *Smith v. Advanced Auto Parts, Inc.*, 2013 WL 6920864, at *3 (Del. Super. Dec. 30, 2013); *see Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1979); *Nutt v. A.C. & S., Inc.*, 517 A.2d 690, 692 (Del. Super. Ct. 1986); *In re Asbestos Litigation (Helm)*, 2012 WL 3264925 (Del. Aug. 13, 2012).

Aveni, as the product identification witness. Ford filed a Motion for Summary Judgment arguing that it is entitled to summary judgment because Plaintiff cannot show sufficient product identification. Ford argues that under Ohio law, Plaintiff has not established that Ford's product was a substantial factor in causing Mr. Aveni's injury. Ford argues that Joseph Aveni testified to his father's non-occupational work on vehicles, and he stated that he did not know the manufacturer of the brakes his father removed. Additionally, Ford argues that Plaintiff failed to demonstrate causation because the expert report is too generic.

Plaintiff offered evidence that all of Ford's drum brake shoes for consumer applications prior to the 1980s were asbestos containing. Plaintiff argues that she presented sufficient evidence under Ohio substantive law to meet the standard. Joseph Aveni testified that he helped his father with automobile work around 1974 and 1975. Joseph Aveni recalled that his father worked on Ford Ecoline vans, a Ford F-150, three Pintos, a Ford Granada, and a 1971 Comet. Joseph Aveni testified that the Ford vans were purchased new, and his father changed the oil, brakes, and muffler on the vans. Joseph Aveni could not identify the manufacture of the brakes. Additionally, Plaintiff argues that the Ford Pintos were purchased new and Mr. Aveni performed maintenance and work on the brakes, shocks, and springs. Finally, Plaintiff argues that Joseph Aveni testified that the Ford Comet was purchased new and that his father performed work on the springs and brakes. Plaintiff rationalizes

2

that this scenario is similar to the plaintiff in an Ohio case, *Schwartz*.[2] Ford argues that Mr. Aveni's case is dissimilar to *Schwartz* because unlike the plaintiff in *Schwartz* who identified always using Bendix brakes, the product identification witness in Mr. Aveni's case, his son, cannot testify to the manufacturer of the brakes he removed.

Ohio substantive law applies to the present Motion. Ohio adopted the "substantial factor" test.[3] Thus, "for each defendant in a multidefendant asbestos case, the plaintiff has the burden of proving exposure to the defendant's product and that the product was a substantial factor in causing the plaintiff's injury."[4] This "modified *Lohrmann* standard"[5] permits a claim to survive summary judgment if the plaintiff was exposed to asbestos from a defendant's product on a frequent and regular basis. The Court agrees with Ford, and summary judgment is appropriate. The only product identification witness in this case is Joseph Aveni. Although his testimony is clear that some of the Ford vehicles his father worked on were purchased new, that is not enough to demonstrate that his father was exposed to asbestos from Ford's products. Although Plaintiff submitted evidence demonstrating that all of Ford's drum brakes contained asbestos prior to 1980, it is pure speculation

---

[2] *Schwartz v. Honeywell Int'l. Inc.*, 66 N.E.3d 118 (Oh. Ct. App. 2016).
[3] *Fisher v. Alliance Machine Co.*, 947 N.E.2d 1308, 1310-11 (Oh. Ct. App. 2011).
[4] *Id.*
[5] *Lohrmann v. Pittsburgh Corning Corp*, 782 F.2d 1156 (4th Cir. 1986)(adopting the "frequency, regularity, and proximity" test of causation).

that Mr. Aveni replaced Ford products that contained asbestos. Joseph Aveni testified that he did not recall the manufactures of brakes and gaskets for the cars, except for Bendix. The only Ford product he identified were Ford hoses for the 1981 Ford Pinto. A reasonable jury could not infer that Ford's asbestos products were a substantial factor in causing Mr. Aveni's injuries. Therefore, Defendant Ford Motor Company's Motion for Summary Judgment is hereby **GRANTED.**

**IT IS SO ORDERED.**

/s/ Calvin L. Scott

The Honorable Calvin L. Scott, Jr.